THE HONORABLE BENJAMIN H. SETTLE

UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA STILLWELL and RICHARD STILLWELL, husband and wife and marital community thereof,,<br><br>Plaintiffs,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM, a Washington Corporation, and SHARON CHANCE and JOHN DOE CHANCE and the marital community thereof,,<br><br>Defendants. | No. 3:11-cv-05117-BHS<br><br>DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES |

COME NOW Defendants MultiCare Health System ("MultiCare") and Sharon Chance ("Defendants"), by and through their attorneys of record, and hereby answer Plaintiffs' Complaint for Damages ("Complaint") by admitting, denying, and alleging as follows. Defendants deny all allegations contained in the Complaint unless specifically admitted herein.

**I. PARTIES AND JURISDICTION**

1.1     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 1.1 of the Complaint and therefore deny the same.

1.2     Defendants admit the allegations set forth in Paragraph 1.2 of the Complaint.

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER
TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 1

1.3     With respect to the allegations contained in Paragraph 1.3 of the Complaint, Defendants admit only that Defendant Sharon Chance is married.

1.4     Paragraph 1.4 of the Complaint consists of a legal conclusion that requires no response. To the extent a response is warranted, Defendants admit only that Defendant MultiCare employed Plaintiff Linda Stillwell at Tacoma General Hospital from 1977 to 2009. Defendants deny that Plaintiff Richard Stillwell was employed by Defendants or that Plaintiff Linda Stillwell was employed by Defendant Sharon Chance.

1.5     Paragraph 1.5 of the Complaint consists of a legal conclusion that requires no response. To the extent a response is warranted, Defendants admit only that Defendant MultiCare employed Plaintiff Linda Stillwell at Tacoma General Hospital from 1977 to 2009.

1.6     Answering Paragraph 1.6 of the Complaint, Defendants admit only that Defendant Sharon Chance served as Plaintiff Linda Stillwell's supervisor at the time of the termination of her employment with Defendant MultiCare. The remainder of Paragraph 1.6 consists of a legal conclusion to which no response is required.

1.7     Without admitting that any of the acts or omissions alleged in the Complaint actually occurred, Defendants respond to Paragraph 1.7 of the Complaint by admitting that any acts or omissions forming the basis for this lawsuit occurred in Pierce County, Washington.

## II.  FACTS

2.1     Defendants admit the allegations contained in Paragraph 2.1 of the Complaint.

2.2     Defendants admit the allegations contained in Paragraph 2.2 of the Complaint.

2.3     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.3 of the Complaint and therefore deny the

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 2

70698473.1 0023502-00065

**STOEL RIVES** LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

same.

2.4     Defendants admit the allegations contained in Paragraph 2.4 of the Complaint.

2.5     Defendants admit the allegations contained in Paragraph 2.5 of the Complaint.

2.6     Defendants are without sufficient knowledge to form a belief as to the truth of the allegations set forth in Paragraph 2.6 of the Complaint and therefore deny the same.

2.7     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.7 of the Complaint and therefore deny the same.

2.8     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.8 of the Complaint and therefore deny the same.

2.9     Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.9 of the Complaint and therefore deny the same.

2.10    Defendants are without sufficient knowledge or information to form a belief as to the truth of the allegations set forth in Paragraph 2.10 of the Complaint and therefore deny the same.

2.11    Answering the allegations contained in Paragraph 2.11 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell received certain performance evaluations during the course of her employment with Defendant MultiCare.

2.12    Answering the allegations contained in Paragraph 2.12 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 3

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

70698473.1 0023502-00065

1  workload and the EPIC system.

2  2.13   Answering the allegations contained in Paragraph 2.13 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her workload and the EPIC system.

2.14   Answering the allegations in Paragraph 2.14 of the Complaint, Defendants admit only that, during the process of Plaintiff Linda Stillwell's grievances of certain disciplinary actions in 2009, Ms. Stillwell expressed her opinion that Defendant Sharon Chance had singled her out.

2.15   Answering the allegations contained in Paragraph 2.15 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her workload and the EPIC system.

2.16   Answering the allegations contained in Paragraph 2.16 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her workload.

2.17   Answering the allegations contained in Paragraph 2.17 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her workload.

2.18   Answering the allegations contained in Paragraph 2.18 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell expressed concerns in 2009 regarding her workload.

2.19   Defendants deny the allegations contained in Paragraph 2.19 of the Complaint.

2.20   Defendants deny the allegations contained in Paragraph 2.20 of the Complaint.

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER
TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 4

70698473.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

2.21   Answering the allegations contained in Paragraph 2.21 of the Complaint, Defendants admit only that Plaintiff Linda Stillwell received discipline for misconduct. Defendants deny that Plaintiff Linda Stillwell was treated in a disparate or unfair manner.

2.22   Answering the allegations contained in Paragraph 2.22 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations regarding her awareness or beliefs and therefore denies the same. Defendants deny the remainder of the allegations in Paragraph 2.22.

2.23   Answering the allegations contained in Paragraph 2.23 of the Complaint, Defendants are without sufficient knowledge or information to form a belief as to the truth of Plaintiff's allegations regarding her awareness or beliefs and therefore denies the same. Defendants deny the remainder of the allegations in Paragraph 2.23.

2.24   Defendants admit the allegations in Paragraph 2.24 of the Complaint

### III.   CAUSES OF ACTION

3.1   Defendants incorporate herein their responses to Plaintiffs' prior allegations, as set forth in Paragraphs 1.1 through 2.24, above.

3.2   Defendants deny the allegations contained in Paragraph 3.2 of the Complaint.

3.3   Defendants deny the allegations contained in Paragraph 3.3 of the Complaint.

3.4   Defendants deny the allegations contained in Paragraph 3.4 of the Complaint.

3.5   Defendants deny the allegations contained in Paragraph 3.5 of the Complaint.

3.6   Defendants deny the allegations contained in Paragraph 3.6 of the Complaint.

### PRAYER FOR RELIEF

Plaintiffs' Prayer for Relief requires no answer.   Defendants deny, however, that
DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 5

**STOEL RIVES LLP**
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
*Telephone (206) 624-0900*

70698473.1 0023502-00065

Plaintiffs are entitled to damages, prejudgment interest, attorneys' fees, costs, or any other relief whatsoever.

Having fully answered Plaintiffs' Complaint, Defendants allege the following affirmative defenses:

### FIRST AFFIRMATIVE DEFENSE

Plaintiffs' Complaint should be dismissed, in whole or in part, due to failure to state a claim upon which relief may be granted

### SECOND AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by Plaintiffs' failure to exhaust administrative and/or contractual remedies.

### THIRD AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by the doctrines of res judicata and/or collateral estoppel.

### FOURTH AFFIRMATIVE DEFENSE

Plaintiffs' claims are barred, in whole or in part, by federal preemption, pursuant to Section 301 of the Labor Management Relations Act, 29 U.S.C. § 185(a).

### FIFTH AFFIRMATIVE DEFENSE

Plaintiffs' damages, if any, were caused by Plaintiffs' own contributory fault.

### SEVENTH AFFIRMATIVE DEFENSE

Some or all of the relief Plaintiffs seek may be barred by Plaintiffs' failure to mitigate their damages.

WHEREFORE, having fully answered Plaintiffs' Complaint and set out their Affirmative

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 6

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA  98101
Telephone (206) 624-0900

70698473.1 0023502-00065

Defenses, Defendants pray for the following relief:

1. Dismissal of all of Plaintiffs' claims, with prejudice;

2. An award to Defendants of their attorney's fees and costs; and

3. Such other relief as the Court deems just and equitable.

DATED: May 17, 2011.

STOEL RIVES LLP

*s/ Timothy J. O'Connell*
Timothy J. O'Connell, WSBA No. 15372
Karin D. Jones, WSBA No. 42406
600 University Street, Suite 3600
Seattle, WA 98101
Telephone: (206) 624-0900
Facsimile: (206) 386-7500
Email: tjoconnell@stoel.com
Email: kdjones@stoel.com
Attorneys for Defendants

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 7

| | |
|---|---|
| 1 | **CERTIFICATE OF SERVICE** |
| 2 | I hereby certify that on May 17, 2011, I electronically filed the foregoing with the Clerk |
| 3 | of the Court using the CM/ECF system which will send notification of such filing to the parties |
| 4 | in the above case. |
| 5 | |
| 6 | STOEL RIVES LLP |
| 7 | |
| 8 | _s/ Timothy J. O'Connell_<br>Timothy J. O'Connell, WSBA No. 15372 |
| 9 | Karin D. Jones, WSBA No. 42406600<br>University Street, Suite 3600 |
| 10 | Seattle, WA 98101<br>Telephone: (206) 624-0900 |
| 11 | Facsimile: (206) 386-7500<br>Email: tjoconnell@stoel.com |
| 12 | Email: kdjones@stoel.com<br>Attorneys for Defendants |
| 13 | |
| 14 | |
| 15 | |
| 16 | |
| 17 | |
| 18 | |
| 19 | |
| 20 | |
| 21 | |
| 22 | |
| 23 | |
| 24 | |
| 25 | |
| 26 | |

DEFENDANTS MULTICARE HEALTH SYSTEM'S AND SHARON CHANCE'S ANSWER
TO COMPLAINT FOR DAMAGES (3:11-cv-05117-BHS) - 8