1  pain medication could be given} and went to Room 426 and assessed the patient and the patient
2  accepted the Percocet narcotic. The patient was alert and orientated and stated to LS, "I am not in
3  pain at the moment, but I called for my pain medication so that I would receive it and not get
4  behind on my pain management". This patient had chronic pain and was being treated with
5  Oxycontin scheduled twice a day. Since Breakfast tray was delivered., and it is the best post-
   operative treatment to mobilize the patient, LS, with patient's agreement, assisted the patient to a
6  dangle position on the side of the bed. There was no bathrobe or extra blanket in the room and
7  LS, assessing that the patient was tolerating sitting on the side of the bed, excused herself to get
8  the patient the linens needed. LS's partner, PCT, SL, came in the room and knowing that LS
9  was getting the patient linens proceeded to assist her up to a chair at the bedside (this patient's
10 surgical intervention was a double Mastectomy and it is much easier for the patient to eat
   independently when up out of bed). When LS returned to 426, SC was there and actively in the
11 patient's Epic chart at her Emar. At this time, it was presented to LS that the patient, having
12 stood and moved into bedside chair, was now in acute pain. This was information that LS was
13 not aware of until presented with the information by SC. As SC was at the computer in the
14 room, LS mentioned to the patient that since it was after 08:00AM and the Hospital schedule for
15 the patient to receive her long acting Oxycontin was automatically put on a 10:00AM schedule,
16 that LS could also obtain her usual long acting pain management medication (it is LS's
17 experience with patients who are already managing chronic pain at home THAT THEY WANT
   their pain medication to remain on their home schedule). SC STATED, "This patient needs IV
18 Morphine." LS was already knowledgeable that the patient needed IV pain medication to assist
19 her yet was put in a position with SC seemingly actively engaged with the patient's care, that LS
20 believed SC was intending to provide the patient with the Medication. LS and SC walked out of
21 the patient's room together and since LS had two other patients who needed assistance (and due
22 to statements SC had made to LS such as "you never ask for help" and "your problem is you do
   not let others help you), LS asked SC if she was intending to give the patient the IV Morphine.
23 SC replied that she would medicate the patient. LS went and helped the patients who had asked
24 for assistance and then went and checked on the patient in 426. The patient was doing well. LS
25 checked in the Emar to see how much Morphine had been given that had given the patient relief
26 and saw that SC, had in fact, not medicated the patient, SC had directed the RN working the

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 49
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Short Stay side ,LR, to medicate the patient. The patient had about a ten minute delay in receiving the medication ( patient would not have had this delay in treating acute pain if SC had not answered LS with the affirmation that SC would administer the medication.

OUTCOME: SC listened to how the events were perceived by LS. Again, LS was made to feel singled out and criticized unjustly by SC. SC remained of the opinion that LS had not thought of giving IV narcotic to treat this patient's need for acute pain management, which is simply a misconception by SC.

20. DATE: July 24th, 2009 Singled out to obtain "Return to Work" written note after one ill day. No such requirement made of any other Staff.

   INDIVIDUAL/S WITH WHOM CONCERN DISCUSSED: SC

   INSTANCE: LS worked for two day shifts with eye discomfort which became worse. LS was diagnosed and prescribed treatment: there was a cut and extreme irritation requiring eye drops every four hours, hot compress to the eye for 5 minutes every four hours and as needed for relief, and no wearing of Contact Lens for four days. LS called in sick due to not being able to perform her duties while in so much pain. Since this injury occurred just before LS was to start her approved Vacation, instead of having to miss four days, LS only missed one. LS did not get to actually go on her Vacation until four days of eye treatment had passed. When LS returned home from Vacation there was a phone message from SC informing LS that in order for her to return to work LS needed to have a written note from the individual who treated her eye condition. LS did request and received the note and provided that to SC on LS's return to duty.

   OUTCOME: LS discussed this directive given to her by SC with her Union, WSNA's Nurse Representative, HW. Per the agreed contract between WSNA and TGH a return to work note only has to be provided if staff individual misses three scheduled shifts.

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 50
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 55 of 111

21. DATE: November 20th, 2009 Singled out LS for interrupting assigned Partner's personal phone call

INDIVIDUAL/S TO WHOM CONCERN DISCUSSED: SC, AN, SB

INSTANCE: SC stated to LS that PCT, LC, had unhappy experience due to LS interrupting a personal call she was having at the Nurse's Station. SC stated that LC had asked for and received special permission from SC to have this important phone call." It was presented to SC, that when a patient needs help and it takes two to assist the patient, staff rely first on their assigned partner. LS was not given information concerning this important phone call from neither LC or SC. How can you fault LS when she was conducting herself as any responsible Nurse would do in the same situation?

OUTCOME: SC listened to LS's opinion and the collaboration of AN and SB as to how they conduct their Nursing practice. LS felt criticized unfairly and treated in a disparate manner by SC.

22. DATE: November 20th, 2009 Singled out LS, based on PCT, LC's statement that LS did not say she was sorry after unintentionally putting pressure on a patient's operative extremity, when LS's coming in contact with the patient's extremity was not willful and did not result in harm to the patient's extremity.

INDIVIDUAL/S TO WHOM CONCERN WAS DISCUSSED: SC, AN, SB

INSTANCE: On November 19th, 2009, LS was assigned to partner with LC. It was the third shift LS and LC had been partnered together ( LC was new to the Ambulatory Care Unit having been working the Short Stay side primarily since her transfer from 4J I and following LC's return from an extended leave due to a foot injury). At 11:45AM, LS came into 415-2 on the Short Stay side in order to talk with her assigned partner, LC. LS had no report on the patient in Room 415-2 due to this patient not being assigned to either LS or LC. The patient's bed was in the high position, due to the fact, LC was removing the patient's saline lock so that the patient

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 51
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 56 of 111

could proceed with getting dressed and discharge to home. LS had had no AM break and went in the room to let LC know that LS was taking lunch break. LS was dehydrated. PCT, LC, had not been providing care to her assigned patients and this resulted in LS doing the PCT's tasks (AM care, ambulating patients, I&O) as well as the RN responsibilities. LS felt overwhelmed. It appeared to LS that there was a Foot Board at the end of the bed. The end of the bed was at LS's chest level. LS placed her forearm on what she perceived was the Foot Board. Minimal pressure was applied due to the height of the bed being level with LS's chest. LS did not know it was the patient's extremity and LS did not intentionally cause the patient pain. LS said she was sorry, but the PCT, LC and the C.N.A., TL, who was present in the room as well as the patient stated that they did not hear this, yet LS knows she said she was sorry and was not aware, at the time, with the patient's loud reaction, that her apology was not heard. LS examined the patient's extremity, there was no bleeding or problem observed. LS's inadvertently connecting with the patient's extremity did not delay the patient's discharge to home. LS was distraught that she had caused pain to a patient and after leaving patient's room had to compose herself in the public bathroom right nearest to Room 415 before LS could report off to the Charge RN and go to lunch break.

OUTCOME: SC on December 1st, 2009, with TL's approval, terminated LS's 31 year employment at TGH and ended LS's Nursing Career at the Hospital that LS had provided dedicated service to and removed LS from the hospital wide staff and Physicians that LS admires and appreciated the privilege of working with to provide the best of care and safest outcomes for the patients in need of Medical and post-Surgical care. LS on December 2nd, 2009, filed with Union, WSNA, grievance for Termination Without Just Cause. LS had not been given any Progressive Discipline. LS had no patient neglect or willful misconduct or negligence. SC and TL were both aware that in the months of September, October and November, LS had received verbal praise for her interventions on patient's behalf (LS in an outstanding Nurse) and from patient's Representative (if I ever have to be a patient in this Hospital I want LS to be my Nurse) and written notes of thanks and appreciation from both patient and patient's family ("You have been such a blessing in my life with the care you have given me and your encouragement" and "You are amazing") and received written Merci for Medical Excellence (Neurosurgeon, Peter Brown M.D. on November 1st, 2009, just 30 days prior to SC terminating LS wrote, "LS pursues excellence and creativity, LS takes responsibility for service and quality and LS shows respect

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 52
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 57 of 111

1  for people and the Organization and wrote, LS really went the extra mile to take care of this
2  patient. She should be applauded."). The OUTCOME needs to be that LS is reinstated to her RN
3  duties at TGH and be Made Whole. Bullying, harassment, discrimination due to age and being
4  at the top of the wage scale, and disparate treatment is not to be allowed, especially at such an
5  outstanding institution as TGH (MHS), under the leadership of CEO, DC.

10  **REQUEST FOR PRODUCTION NO. 5:** Please produce all documents and/or
11  electronically stored information that reflect, describe, support, or relate to your answer to
12  Interrogatory No. 3, above, including, but not limited to, any and all written complaints,
13  concerns, or allegations that you filed, submitted, or provided to Defendant MHS or its
14  employees.
15  **RESPONSE:**

19  **REQUEST FOR PRODUCTION NO. 6:** Please produce all documents and/or
20  electronically stored information that reflect, describe, support, or relate to your allegations in
21  Paragraphs 2.20 and 2.21 of your Complaint that you were "singled out for unfair treatment,
22  disparate scrutiny, and discrimination" and that you were "written up and disciplined in an unfair
23  manner."
24  **RESPONSE:**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 53
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 58 of 111

1

2  **REQUEST FOR PRODUCTION NO. 7:** Please produce a copy of "progressive

3  discipline policy" to which you refer in Paragraphs 2.22 and 2.23 of your Complaint.

4  **ANSWER:**

5

6

7

8  **REQUEST FOR PRODUCTION NO. 8:** Please produce all documents and/or

9  electronically stored information that reflect, describe, support, or relate to your answer to

10  Interrogatory No. 4, above.

11  **RESPONSE:**

12

13

14

15  **REQUEST FOR PRODUCTION NO. 9:** Please produce all documents and/or

16  electronically stored information that reflect, describe, support, or relate to your allegations in

17  Paragraphs 3.2 and 3.3 of your Complaint that Defendants' actions constituted discrimination or

18  retaliation on the basis of a protected characteristic under RCW 49.60, including, but not limited

19  to, all documents and/or electronically stored information that reflect, describe, support, or relate

20  to your answer to Interrogatory No. 6, above.

21  **RESPONSE:**

22

23

24

25  **INTERROGATORY NO. 4:** State with specificity each and every item of damage you

26  claim you sustained because of any act or omission on the part of Defendants, including, but not

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 54
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1  limited to, loss of income, emotional distress, and other compensatory, consequential, and
2  incidental damages, and for each item of loss or damage, state the amount of said item and the
3  method by which you calculated the stated amount.
4  **ANSWER:**
5  Information will be supplemented.

8  **REQUEST FOR PRODUCTION NO. 10:** Produce all documents and/or electronically
9  stored information evidencing or relating to the damages you claim you sustained because of any
10 act or omission on the part of Defendants, including, but not limited to, all documents and/or
11 electronically stored information that reflect, describe, support, or relate to your answer to
12 Interrogatory No. 4, above.
13 **RESPONSE:**

17 **INTERROGATORY NO. 5:** Please identify each physician, psychologist, psychiatrist,
18 counselor, mental health professional, doctor, or other health care provider you have ever seen:
19 for purposes of diagnosis, treatment, assessment, counseling or any other care relating to your
20 allegations in this litigation and/or to the conditions you maintain you suffered as a result of the
21 actions alleged in your Complaint and/or for any other care relating to stress, anxiety, depression,
22 insomnia, post-traumatic stress disorder, and/or mental or emotional distress.
23 **ANSWER:**

25 Plaintiff, Linda Stillwell, received counseling and treatment from personal Physician,
   James Fry MD, relating to anxiety and mental and emotional distress.
26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 55
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 60 of 111

1
2   Plaintiff, Linda Stillwell, received counseling from personal Physician Assistant,
3   Jennifer Permann PA, for my personal Physician, Karen Nelson MD, relating to
4   anxiety and mental and emotional distress.
5
    James Fry MD      315 MLK Jr. Way
6                    Tacoma, WA. 98405
7                    253 403 4844
8
9   Jennifer Permann  315. Way        Office of Karen Nelson MD
                      Tacoma, WA. 98405
10                    253 627 0666
11
12
13
14
15
16  **REQUEST FOR PRODUCTION NO. 11:** For each health care provider identified in
17  response to Interrogatory No. 5, above, please complete and sign an Authorization for the
18  Release of Medical Records, attached hereto as Exhibit A. Please make as many copies of
19  Exhibit A as necessary.
20  **RESPONSE:**
21
22
23
24  **INTERROGATORY NO. 6:** With the exception of employment with MHS, with
25  respect to each position of employment Plaintiff Linda Stillwell has held since December 1,
26  2009, whether self-employment or otherwise, provide the employer's name, address, and

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 56
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1. telephone number, dates of employment, title and description of the position(s) held (including
2. job duties and responsibilities associated with each position), supervisor's name, address, and
3. telephone number, the terms and conditions of employment (including, but not limited to, the
4. average number of hours worked during each pay period, gross pay for each pay period, and a
5. description of any fringe benefits received in connection with the position, including, but not
6. limited to, medical, dental or other insurance, retirement benefits or profit sharing plan, bonuses,
7. expense reimbursement, and stock options), and an explanation regarding the termination of
8. employment, if applicable.

**ANSWER:**

Since her termination from her position of thirty one years, and as a result of her termination, the Plaintiff has not held any employment, self-employment, or otherwise.

**REQUEST FOR PRODUCTION NO. 12:** For each employer or entity identified in your answer to Interrogatory No. 6, above, please sign an authorization in the form attached hereto as Exhibit B for the procurement of any and all records or documents related to your employment or work performed for that employer. Please make as many copies of Exhibit B as necessary.

**RESPONSE:**

N/A

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 57
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 62 of 111

1     **REQUEST FOR PRODUCTION NO. 13:** Please produce a copy of the current resume
2 of Plaintiff Linda Stillwell.
3     **RESPONSE:**
4
5
6
7     **REQUEST FOR PRODUCTION NO. 14:** Please produce all documents and/or
8 electronically stored information in your possession related to any claim you made for
9 unemployment benefits between December 1, 2009 and the present.
10     **RESPONSE:**
11
12
13
14     **REQUEST FOR PRODUCTION NO. 15:** Please produce an executed and signed
15 release attached hereto as Exhibit C for the procurement of all records relating to any claim for
16 State of Washington Employment Security benefits you have made since December 1, 2009.
17     **RESPONSE:**
18
19
20
21     **INTERROGATORY NO. 7:** State with specificity all efforts Plaintiff Linda Stillwell
22 has made from December 1, 2009 through the present to secure employment, whether self-
23 employment, part-time employment, temporary employment, or otherwise, including, but not
24 limited to, the name of every employer, temporary or permanent job placement agency,
25 recruiting firm or any online job search engine through whom you have applied for a position,
26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 58
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1  and for each, state the date you applied for the position, the position for which you applied, and
2  whether you were offered the position.
3  **ANSWER:**
4  See attached documents.
5
6
7  **REQUEST FOR PRODUCTION NO. 16:** Please produce all documents and/or
8  electronically stored information that reflect, describe, or relate to your efforts to seek
9  employment, as described in your answer to Interrogatory No. 7, above.
10  **RESPONSE:**
11
12
13
14  **REQUEST FOR PRODUCTION NO. 17:** Please produce an executed and signed
15  Authorization for the Release of Tax Records, attached hereto as Exhibit D, for the procurement
16  of your income tax returns for the years 2006 to the present.
17  **RESPONSE:**
18
19
20
21  **REQUEST FOR PRODUCTION NO. 18:** Please produce any written or
22  electronically-stored diary, narrative, journal, notes, personal calendar or other account of your
23  daily or periodic activities, observations, impressions or feelings prepared or otherwise
24  maintained by you that relate to any of the claims, allegations, or defenses raised in this
25  litigation.
26  **RESPONSE:**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 59
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

**INTERROGATORY NO. 8:** Please identify any person whom you intend to call as an expert witness at trial and for each expert identified:

    a.    state the subject matter on which each expert is expected to testify and the basis therefor;

    b.    state the substance of the facts and opinions to which each expert is expected to testify; and

    c.    identify any reports or written opinions authorized by each expert.

**ANSWER:**

**REQUEST FOR PRODUCTION NO. 19:** Please produce copies of all documents and/or electronically stored information provided by you, or anyone on your behalf, to each expert identified in your answer to Interrogatory No. 8, above.

**RESPONSE:**

**REQUEST FOR PRODUCTION NO. 20:** Please produce a copy of the curriculum vitae of each expert identified in your answer to Interrogatory No. 8, above.

**RESPONSE:**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 60
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

Exhibit 1, Page 65 of 111

1

2   **REQUEST FOR PRODUCTION NO. 21:**  Please produce a copy of each expert report

3   or written opinion identified in your answer to Interrogatory No. 8, above.

4   **RESPONSE:**

5

6

7

8   **REQUEST FOR PRODUCTION NO. 22:**  Please produce all documents and/or

9   electronically stored information that you have obtained or received from any third party,

10  whether by subpoena or otherwise, related to the claims, allegations, or defenses raised in this

11  litigation, including, but not limited to, all reports, statements, recordings, declarations,

12  affidavits, memoranda, or testimony (whether signed or not and whether prepared by someone

13  other than the said person or witness or not).

14  **RESPONSE:**

15

16

17

18  **REQUEST FOR PRODUCTION NO. 23:**  Please produce all documents and/or

19  electronically stored information that reflect, describe, or relate to every complaint, charge,

20  grievance, or claim that you have filed or lodged against any other employer, individual, or entity

21  in which you alleged discrimination, harassment, retaliation, and/or wrongful termination.

22  **RESPONSE:**

23

24

25

26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 61
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1  DATED: August 30, 2011.  STOEL RIVES LLP

2

3

4  Timothy J. O'Connell, WSBA No. 15372
   Karin D. Jones, WSBA No. 42406
5  600 University Street, Suite 3600
   Seattle, WA 98101
6  Telephone: (206) 624-0900
   Facsimile: (206) 386-7500
7  Email: tjoconnell@stoel.com
   Email: kdjones@stoel.com

8  Attorneys for Defendants

9

10

11

12

13

14

15

16

17

18

19

20

21

22

23

24

25

26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 62
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1   AUTHORIZATION TO RELEASE HEALTH CARE INFORMATION AND RECORDS

2   **Patient Information:**   Name: Linda Stillwell
    Date of Birth: _7-17-52_
3                              SSN: _537 52 5235_
    **Provider:**    Name: _Jennifer Permann P.A. office of Karen Nelson M._
4                    Address: _315 MLK Jr Way_
                     Telephone No.: _253 627 0666_
5
    I, Linda Stillwell, request and authorize that above-named facility or provider release my
6   health care information described below of the patient named above to:

7   Timothy J. O'Connell, Attorney at Law, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, (206) 624-0900

8   **Purpose:** My request is in connection with a legal matter.

9   **Patient Authorization:** I understand that my express consent is required to release all health care information
10  relating to testing, diagnosis, and/or treatment for HIV (AIDS virus), sexually transmitted diseases, psychiatric
    disorders/mental health, or drug and/or alcohol use.

11  **Information to be disclosed:** For the time period, _2003_ to *the present*, if I have been tested, diagnosed, or
12  treated for HIV (AIDS virus), sexually transmitted diseases, psychiatric disorders/mental health, or drug and/or
    alcohol use, you are specifically authorized to release all health care information relating to such diagnosis, testing,
13  and/or treatment including, but not limited to, notes, reports, correspondence (including outside correspondence),
    memoranda, billings, examination and test results, x-rays, and psychiatric notes *in addition to all other health care*
14  *information being requested*. You are also authorized to release all documents which relate to insurance including,
    but not limited to, attending physician's statements, reports, notes and correspondence with insurance companies
15  and/or my employer.

16  **My Rights:** I understand I do not have to sign this authorization in order to obtain health care benefits (treatment,
    payment, or enrollment). I, or my legal representative, may revoke this authorization in writing according to the
17  Privacy Notice To Patients posted at the above-named facility. I understand that once the health information I have
    authorized to be disclosed reaches the noted recipient, that the person or organization may re-disclose it, at which
18  time it may no longer be protected under Privacy laws.

19  **Reasonable Fee:** State law provides that a health care provider may charge a reasonable fee. I understand that
    Stoel Rives LLP will pay this fee, if applicable.
20
    Photocopies of this authorization will be considered valid as the original.
21
    SIGNED: _Linda Stillwell_   Date: _11/15/11_
22  **THIS AUTHORIZATION EXPIRES 90 DAYS AFTER THE DATE IT IS SIGNED WITH
    RESPECT TO ANY HEALTH CARE INFORMATION WHICH IS DISCLOSED.**
23

24

25                              **EXHIBIT A**

26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 63
(Cause No. 3:11-cv-05117-BHS)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

70847029.1 0023502-00065

| | |
|---|---|
| 1 | **AUTHORIZATION TO RELEASE HEALTH CARE INFORMATION AND RECORDS** |
| 2 | **Patient Information:** Name: Linda Stillwell |
|   | Date of Birth: 7-17-52 |
| 3 |   SSN: 537 52 5235 |
|   | **Provider:** Name: JAmes FRy MD |
| 4 |   Address: 315 mLK Jr. Way |
|   |   Telephone No.: 253 403 4844 |

I, Linda Stillwell, request and authorize that above-named facility or provider release my health care information described below of the patient named above to:

Timothy J. O'Connell, Attorney at Law, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, (206) 624-0900

**Purpose:** My request is in connection with a legal matter.

**Patient Authorization:** I understand that my express consent is required to release all health care information relating to testing, diagnosis, and/or treatment for HIV (AIDS virus), sexually transmitted diseases, psychiatric disorders/mental health, or drug and/or alcohol use.

**Information to be disclosed:** For the time period, _2003_ to the present, if I have been tested, diagnosed, or treated for HIV (AIDS virus), sexually transmitted diseases, psychiatric disorders/mental health, or drug and/or alcohol use, you are specifically authorized to release all health care information relating to such diagnosis, testing, and/or treatment including, but not limited to, notes, reports, correspondence (including outside correspondence), memoranda, billings, examination and test results, x-rays, and psychiatric notes *in addition to all other health care information being requested.* You are also authorized to release all documents which relate to insurance including, but not limited to, attending physician's statements, reports, notes and correspondence with insurance companies and/or my employer.

**My Rights:** I understand I do not have to sign this authorization in order to obtain health care benefits (treatment, payment, or enrollment). I, or my legal representative, may revoke this authorization in writing according to the Privacy Notice To Patients posted at the above-named facility. I understand that once the health information I have authorized to be disclosed reaches the noted recipient, that the person or organization may re-disclose it, at which time it may no longer be protected under Privacy laws.

**Reasonable Fee:** State law provides that a health care provider may charge a reasonable fee. I understand that Stoel Rives LLP will pay this fee, if applicable.

Photocopies of this authorization will be considered valid as the original.

SIGNED: _Linda Stillwell_   Date: _11/15/11_

**THIS AUTHORIZATION EXPIRES 90 DAYS AFTER THE DATE IT IS SIGNED WITH RESPECT TO ANY HEALTH CARE INFORMATION WHICH IS DISCLOSED.**

**EXHIBIT A**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 63
(Cause No. 3:11-cv-05117-BHS)

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

70847029.1 0023502-00065

AUTHORIZATION FOR RELEASE OF EMPLOYMENT SECURITY RECORDS

I, **Linda Stillwell**, hereby authorize the State of Washington Employment Security Department to release to Timothy J. O'Connell, Attorney at Law, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, or his representative, to inspect and make copies of any and all of the following in your possession or control:

For the time period December 1, 2009 to the present, all records (including electronic records) regarding my unemployment claim history including, but not limited to, my application for unemployment benefits (whether made in paper or electronic form), determination of benefits, continued claim forms submitted by me (either electronically or in paper form) and transcripts from any unemployment hearings.

Photocopies of this authorization will be considered as valid as the original.

DATED this 15 day of November, 2011.

SIGNED: _Linda Stillwell_
LINDA STILLWELL

Date of Birth: 7-17-52     SS#: 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

**EXHIBIT C**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 65
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

## AUTHORIZATION FOR RELEASE OF TAX RECORDS

We, Linda Stillwell and Richard Stillwell, hereby authorize _Internal Revenue Service_ to release to Timothy J. O'Connell, Attorney at Law, Stoel Rives LLP, 600 University Street, Suite 3600, Seattle, WA 98101, or his representative, to inspect and make copies of any and all of the following in your possession or control:

Any and all tax records from January 1, 2006 to the present, including but not limited to any W-2s, W-4s, 1099s, 1044s, 1040s, 1040As, 1040EZs, and any other tax return documents filed by Linda Stillwell and/or Richard Stillwell.

Photocopies of this authorization will be considered as valid as the original.

DATED this _15_ day of _November_, 2011.

SIGNED: _Linda Stillwell_
LINDA STILLWELL

Date of Birth: _7-17-52_    SS#: _537 52 5235_

SIGNED: _____
RICHARD STILLWELL

Date of Birth: _____    SS#: _____

**EXHIBIT D**

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 66
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900

1

2   I, Linda Stillwell, am a plaintiff in the above cause of action. I have read the foregoing Interrogatories and the answers and responses thereto, know the contents thereof, and believe the
3   answers and responses to be true and correct.

4   DATED this 15 day of November, 2011.

5

6   _____ *Linda Stillwell* _____
    LINDA STILLWELL
7

8   I, Richard Stillwell, am a plaintiff in the above cause of action. I have read the foregoing Interrogatories and the answers and responses thereto, know the contents thereof, and believe the
9   answers and responses to be true and correct.

10  DATED this ____ day of _____, 2011.

11

12
    _____
13  RICHARD STILLWELL

14

15
    **STATEMENT OF ATTORNEY**
16
    The undersigned hereby states that he is the attorney for the parties answering the above
17  propounded Interrogatories and Requests for Production of Documents, he has read the objections, answers, and responses to the same, and they are in compliance with FRCP 26(g).
18
    DATED this 15 day of November, 2011.
19

20  _____
    MICHAEL J. DAVIS
21

22

23

24

25

26

DEFENDANTS' FIRST SET OF INTERROGATORIES AND REQUESTS FOR
PRODUCTION OF DOCUMENTS TO PLAINTIFFS - 67
(Cause No. 3:11-cv-05117-BHS)
70847029.1 0023502-00065

STOEL RIVES LLP
ATTORNEYS
600 University Street, Suite 3600, Seattle, WA 98101
Telephone (206) 624-0900