UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF WASHINGTON
AT TACOMA

| | |
|---|---|
| LINDA STILLWELL and RICHARD STILLWELL, husband and wife and marital community thereof,<br><br>Plaintiffs,<br><br>v.<br><br>MULTICARE HEALTH SYSTEM, et al.,<br><br>Defendants. | CASE NO. C11-5117 BHS<br><br>ORDER DENYING PLAINTIFF'S MOTION TO COMPEL |

This matter comes before the Court on Plaintiff Linda Stillwell's ("Stillwell") motion to compel (Dkt. 35). The Court has considered the pleadings filed in support of and in opposition to the motion and the remainder of the file and hereby denies the motion for the reasons stated herein.

On August 13, 2012, Stillwell filed the instant motion and argued that she had "not been provided full and complete answers" to certain discovery requests. Dkt. 35 at 3–5. Stillwell then cited a fair amount of law, but failed to show how the law applied to the facts of this case or to Defendants' allegedly deficient discovery requests. *Id*. On August 27, 2012, Defendants responded. Dkt. 37. Stillwell did not reply.

ORDER - 1

1    The burden is on the moving party to show that the non-moving party has failed to
2 comply with discovery requests.  *See* Fed. R. Civ. P. 37.  Moreover, counsel for the
3 moving party must show that all counsel conferred in good faith to resolve the discovery
4 issues before filing motions with the Court.  Local Rule CR 37(a)(1)(A).
5    In this case, Stillwell's counsel has failed to meet either burden.  First, Stillwell's
6 discovery requests are overbroad and properly objected to.  For example, Stillwell
7 requested Defendants to identify any nurse that failed to follow Defendants' policies and
8 any nurse that removed certain medications without documenting the removal.  Dkt. 35 at
9 5.  It would be virtually impossible for Defendants to identify every violation.  Therefore,
10 the Court **DENIES** Stillwell's motion to compel for failure to identify the particular
11 discovery requested but not produced.
12    Second, counsel is in agreement that they met and conferred on August 9, 2012.
13 Defense counsel, however, claims that counsel reached an agreement as to what remained
14 to be produced and the scope of the production.  Dkt. 37 at 3–4.  Stillwell's counsel has
15 failed to rebut these assertions.  Therefore, the Court also **DENIES** the motion for failure
16 to meet and confer.
17    **IT IS SO ORDERED.**
18    Dated this 6th day of September, 2012.

BENJAMIN H. SETTLE
United States District Judge